Filed 1/11/23  Castillo v. Matta CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| KIMBERLY CASTILLO, | B317919 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. |
| v. | No. 19STCV33803) |
| SARAH MATTA, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Holly J. Fujie, Judge.  Affirmed.

Law Offices of Alaba Ajetunmobi and Alaba S. Ajetunmobi for Plaintiff and Appellant.

Seals Philips, Collin Seals, Mark R. Phillips; Beverly Hills Lawyers & Assoc. and Angelica M. Leon for Defendant and Respondent.

—————————————

Following a bench trial, the trial court awarded damages to tenant Kimberly Castillo on causes of action for breach of the implied warranty of habitability, negligence, nuisance, and breach of contract, but the court found no additional damages were shown for wrongful and retaliatory eviction, and ruled in favor of landlord Sarah Matta on the remaining cause of action for intentional infliction of emotional distress (IIED).  On appeal, Castillo contends the trial court erred by denying her pretrial motion to amend the complaint to add her children as plaintiffs, failing to award damages for the wrongful/retaliatory eviction cause of action, finding for Matta on the IIED claim, and limiting the award of attorney fees to those incurred in prosecuting the wrongful/retaliatory eviction cause of action pursuant to Civil Code[1] section 1942.5, subdivision (i).

We conclude that in the absence of a reporter's transcript or suitable substitute for the hearing on the motion to amend the complaint, the record is inadequate to review Castillo's contention that the trial court abused its discretion.  The trial court's findings that no damages were shown for wrongful/retaliatory eviction and that Matta is not liable for IIED are supported by substantial evidence, and no legal error has been shown.  Although the judgment finds Castillo is entitled to an award of attorney fees, our record does not include any postjudgment litigation resulting in an award of fees, so we cannot review Castillo's contentions as to the appropriate amount of attorney fees.  We affirm the court's judgment.

---

[1] All further statutory references are to the Civil Code unless otherwise indicated.

# FACTS AND PROCEDURAL HISTORY

## *The Complaint*

On September 20, 2019, Castillo filed a complaint for damages against Matta that included seven causes of action arising out her tenancy in a property on Canto Drive in Los Angeles (the premises) owned and managed by Matta.[2]  The complaint alleged the following:  Castillo took possession of the premises in 2012 pursuant to a written agreement to pay monthly rent of $850.  In 2018, Castillo lived on the premises with her five minor children.

In April 2018, Matta demolished the bathroom rendering the premises unfit for human habitation.  In May 2018, Castillo was served with a three-day notice to pay rent or quit.  Following an inspection of the premises by the City of Los Angeles Housing and Community Investment Department (City), the City ordered Matta to remedy various health and safety violations.  Over the course of several months, including into at least December 2018, Matta failed to correct the defective conditions, despite additional

---

[2] In addition to being named in her individual capacity, Matta was named in various capacities in connection with her father's trust.  Although the litigation in the superior court at times included disputes over the significance of distinctions between Matta as an individual, Matta as trustee, the trust, and other individuals associated with the trust, none of those distinctions are relevant to this appeal.  The parties do not dispute that Matta, as an individual, is the proper defendant and respondent here, and neither party raises any arguments that require us to distinguish between Matta as an individual and any other role or entity.

notices from the City. The City also ordered Matta to cancel the three-day notice to quit served in May, as the premises were included in the Rent Escrow Account Program (REAP), and Castillo was entitled to a 10 percent rent reduction.

From April through December 2018, Castillo repeatedly notified Matta of the defective and dangerous conditions of the premises and requested repairs. In November 2018, Matta served a retaliatory three-day notice to quit or pay rent and filed a retaliatory unlawful detainer action, which action was subsequently dismissed by the Superior Court of Los Angeles County.

Castillo alleged that she suffered extreme emotional and psychological distress, on a daily basis from looking for bathrooms for her children outside the premises, and from the harassment of the notice to quit and unlawful detainer case.

## *Motion to Amend Complaint to Add Plaintiffs*

In February 2021, Castillo obtained orders appointing her as guardian ad litem for her minor children. On February 17, 2021, Castillo filed an ex parte motion to file an amended complaint pursuant to Code of Civil Procedure section 473, subdivision (a)(1), adding her five children (four minors and one adult) as plaintiffs to the action. Castillo also gave notice of the ex parte hearing, to be held the next day. In the memorandum of points and authorities in support of the motion, Castillo's counsel explained that the children were not previously added due to his mistake and inadvertence. Castillo acknowledged that she was bringing the application "on the eve of trial," which at that time was scheduled for March 2, 2021; however, she contended that

4

the addition of new plaintiffs would not add any additional facts or causes of action to the case, and no new discovery of additional facts would be necessary.  No written opposition to the ex parte motion appears in our record.

The court heard oral argument on the ex parte motion on February 18, 2021.  The court denied the motion, without explanation or elaboration, in a minute order.  The minute order also noted that the current trial date would stand.[3]  Our record does not contain a reporter's transcript of the hearing, or any other record of the parties' oral arguments, or of the court's reasoning for the denial.

### Trial, Statement of Decision, and Judgment

The court held a bench trial on August 10, 2021.  At trial, Castillo and one of her sons testified both by written declaration and oral testimony.  Matta also testified, as did Alex Matta, who undertook some of the repairs to the premises.  The parties stipulated to the admission of all trial exhibits.  No court reporter was present to transcribe the court proceedings.

On August 17, 2021, the parties filed a joint settled statement of the trial.  The settled statement summarizes the testimony of Matta, notes that the direct testimony of Castillo was admitted in written form, summarizes Castillo's testimony on cross-examination, notes that the testimony of Castillo's son was adopted in written form, summarizes Castillo's son's

---

[3] The court subsequently continued the trial date to later dates, and ultimately to August 10, 2021.

5

testimony on cross-examination, and summarizes the testimony of Alex Matta.

Although not requested by the parties, the court issued a tentative statement of decision on September 22, 2021, setting forth findings of fact and conclusions of law on each of Castillo's seven causes of action. The tentative statement advised the parties that it was subject to the parties' objections and would become the court's final statement of decision unless a party timely specified principal controverted issues on which it was requesting decision, or made proposals not included in the tentative statement. In the proposed statement of decision, the court found in favor of Castillo on the breach of implied warranty of habitability because the bathroom on the premises was not operational from February through December 2018. The court found damages of $7,040 to be owed from Matta to Castillo, based on a calculation that included overpayments of the maximum allowable rent, and overpayments due to the value of the premises being zero dollars during the period that the premises was not habitable.

The court found in favor of Castillo on the cause of action for wrongful/retaliatory eviction, based upon Matta's pursuit of the unlawful detainer action in November 2018. However, the court found Castillo had not presented evidence of any specific damages relating to this claim. Further, the court found that Matta did not act with oppression, fraud, or malice. The court awarded reasonable attorney fees to Castillo, limited to this

cause of action, pursuant to section 1942.5, subdivision (i), but no other amounts for the wrongful/retaliatory eviction.[4]

The court found in favor of Castillo on her causes of action for negligence, nuisance, breach of contract, and breach of the implied covenant of good faith and fair dealing. However, on each of these causes of action, the court determined that the damages suffered by Castillo were duplicative of the $7,040 awarded based on the breach of the implied warranty of habitability, with the following exception: on the negligence cause of action, the court awarded an additional $5,000 to Castillo "for emotional distress for enduring uninhabitable conditions for the period from February through November 2018."

Finally, on the cause of action for IIED, the court found in favor of Matta. Specifically, the court stated, "[Matta] did not act in a manner that supports a finding of intentional infliction of emotional distress. The Court finds that although her efforts to repair the premises was not always effective or expeditious, she was making attempts to repair the premises in good faith during the relevant period of time, such that the infliction of emotional distress was not intentional."

---

[4] Section 1942.5 sets forth the remedies and penalties available for retaliation by lessors against lessees, including retaliation based on a lessee's complaints about tenantability of a dwelling. Subdivision (i) of section 1942.5 provides, in relevant part: "In any action brought for damages for retaliatory eviction, the court shall award reasonable attorney's fees to the prevailing party." We note the statement of decision includes an apparent typographical error in its citation to the relevant subdivision, referring to it as "1942.5(h)(i)," rather than 1942.5, subdivision (i).

7

On October 29, 2021, the court issued a minute order noting that no objections had been filed to its tentative statement of decision or judgment. The court filed the judgment that day. Castillo timely appealed the judgment.

## DISCUSSION

### *Denial of Request to Add Plaintiffs*

Castillo contends the court erred by denying her ex parte motion to add her children as plaintiffs. We conclude that the record is inadequate to review this contention.

"We review a motion to amend a complaint under Code of Civil Procedure section 473 for an abuse of discretion." (*Tung v. Chicago Title Co.* (2021) 63 Cal.App.5th 734, 747.) The "trial court has wide discretion in allowing he amendment of any pleading [citations], as a matter of policy the ruling of the trial court in such matters will be upheld unless a manifest or gross abuse of discretion is shown." (*Bedolla v. Logan & Frazer* (1975) 52 Cal.App.3d 118, 135.)

A judgment or order of the lower court is presumed correct, and an appellant bears the burden of overcoming this presumption by affirmatively showing error on an adequate record. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141.) Under California Rules of Court, rule 8.120(b), "[i]f an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings in the form of one of the following: [¶] (1) A reporter's transcript under rule 8.130; [¶] (2) An agreed statement under rule 8.134; or [¶] (3) A settled

8

statement under rule 8.137." Where the cornerstone of an appellant's argument involves what occurred a hearing, in the absence of a reporter's transcript of the proceedings, "[w]e must . . . presume that what occurred at that hearing supports the judgment." (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1201; see *Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039 [we presume judgment is correct in absence of reporter's transcript and other relevant documents].) We presume any matters that could have been presented to support the trial court's order were in fact presented, and may affirm the trial court's determination on that basis. (*Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447; *Bennett v. McCall* (1993) 19 Cal.App.4th 122, 127.) An appellate record is inadequate when it appears to show any need for speculation or inference to determine whether error occurred. (*Lincoln Fountain Villas Homeowners Assn. v. State Farm Fire & Casualty Ins. Co.* (2006) 136 Cal.App.4th 999, 1003, fn. 1.)

The minute order included in our record on appeal indicates that the court heard oral argument from the parties on Castillo's ex parte motion to add her children as plaintiffs. However, we do not have a transcript of the court proceedings, nor any suitable substitute. We have no way of knowing what statements were made by counsel for Castillo, counsel for Matta, or the court at the hearing. In the absence of a record of the hearing, Castillo's appellate briefing relies solely on the fact that the court's minute order of the hearing did not articulate the reason for the denial of her motion. Not knowing the basis for the denial from the minute order, Castillo invites us to evaluate her arguments on appeal in light of "what might have been the trial court's ostensible reason for the denial," which Castillo

speculates to be solely that the motion was made "too close to trial."

The absence of an adequate record prevents Castillo from prevailing on appeal on this contention of error. There is no dispute on appeal that a showing of prejudice by Matta in opposition to the motion would have provided a sufficient basis for the court's denial of the motion. But our record includes only Castillo's affirmative ex parte motion. Although Castillo notes that Matta did not oppose the ex parte in writing, the absence of a written opposition is not surprising, as Castillo brought her motion on only one day's notice. The only opportunity that Matta had to set forth reasons opposing the addition of five plaintiffs, and to explain the prejudice that such an amendment would entail, was at the hearing itself. Absent any record of that hearing, we cannot meaningfully assess the arguments Matta may have made, any responses to those arguments by Castillo (including any concessions), and the reasons for the court's denial of the amendment. We cannot speculate as to why the court denied her motion. In the absence of a record setting forth the court's actual reasons for exercising its discretion, and how those reasons were an abuse of that discretion, Castillo has not shown a basis for reversal.

### *Trial Court Findings*

Castillo contends the trial court's findings on damages and IIED are not supported by substantial evidence, or the court committed legal error. We disagree.

## A. *Standard of Review*

"In reviewing a judgment based upon a statement of decision following a bench trial, we review questions of law de novo. [Citation.] We apply a substantial evidence standard of review to the trial court's findings of fact. [Citation.] Under this deferential standard of review, findings of fact are liberally construed to support the judgment and we consider the evidence in the light most favorable to the prevailing party, drawing all reasonable inferences in support of the findings." (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981.) "[A]ny omissions or ambiguities in the statement of decision must be 'brought to the attention of the trial court either prior to entry of judgment or in conjunction with' a new trial motion [citation] or a motion to vacate the judgment [citation], thus allowing the court to respond to objections before the taking of an appeal." (*Id.* at p. 982.) Where a party "fails to object . . . (depriving the trial court of the opportunity to clarify or supplement its statement of decision before losing jurisdiction), objections to the adequacy of a statement of decision may be deemed waived on appeal." (*Id.* at p. 983.)

## B. *Damages for Wrongful and Retaliatory Eviction*

Castillo contends that the court abused its discretion when it found the November 2018 unlawful detainer action amounted to a wrongful and retaliatory eviction, but declined to award any damages for this claim. The court expressly noted in its statement of decision that Castillo failed to specify any damages incurred as a result of the wrongful and retaliatory conduct. On

11

appeal, Castillo relies on the statutory language from section 1942.5, subdivision (h) that sets forth that a lessor who violates that section is liable for: "(1) The actual damages sustained by the lessee[ and] (2) Punitive damages . . . where the lessor . . . has been guilty of fraud, oppression, or malice [for a retaliatory] act."

With respect to actual damages, Castillo still identifies no record evidence to support an award. The one specific argument that Castillo makes is that she should have been awarded actual damages for her severe emotional distress, which she contends the court failed to consider. However, to support this claim, Castillo cites only to the language of the complaint, and not to trial evidence. Even were we to identify the evidence that could be used to substantiate emotional distress on our own, the existence of some evidence favorable to Castillo would not result in reversal of the judgment.[5] We do not reweigh evidence on appeal, but rather defer to the trial court's assessment of the totality of the evidence adduced at trial in determining an appropriate damage amount.

With respect to punitive damages, Castillo characterizes as "confusing" the court's finding that she did not prove oppression, fraud, and malice. Castillo states her own contrary conclusion, and urges this court to view the evidence differently than did the court below. However, under the standard of review, it is not this

_____

[5] We note that the court found Castillo suffered emotional distress damages in the amount of $5,000 in connection with Matta's negligence. The court's factual finding makes clear that such emotional distress was the result of "enduring uninhabitable conditions"; there was no court finding of emotional distress resulting from acts of retaliation.

12

court's role to reevaluate and reweigh evidence. We defer to the trial court's finding, which is supported by substantial evidence.

## C. *Intentional Infliction of Emotional Distress*

Castillo contends the court erred by ruling for Matta on the cause of action for intentional infliction of emotional distress. We conclude substantial evidence supports the trial court's findings, and any claim of legal error is baseless.

"Intentional infliction of emotional distress requires a plaintiff to prove: ' " '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. . . .' Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." [Citation.] The defendant must have engaged in "conduct intended to inflict injury or engaged in with the realization that injury will result." ' " (*Carlsen v. Koivumaki* (2014) 227 Cal.App.4th 879, 902; accord, *Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050–1051.)

Though not entirely clear, Castillo seems to suggest that the court either abused its discretion by finding that Matta acted "in good faith" or erred in its application of the law, because "good faith," according to Castillo, is not a relevant consideration to a claim of IIED. We conclude the court did not err in finding for Matta on this cause of action.

To the extent that Castillo's challenge is to the sufficiency of the evidence to support the court's finding of good faith, the

13

challenge runs directly contrary to the concession Castillo makes in her appellate briefing that she "accepts the trial court's findings of fact in the statement of decision." Further, it is of no moment that Castillo "wishes to add facts that the trial court omitted" presumably as a counterweight to the evidence of good faith. It was Castillo's obligation, between the time Castillo received the tentative statement of decision and before the entry of judgment, to make suggestions to the trial court regarding additional factual matters to be addressed. (*Thompson v. Asimos*, *supra*, 6 Cal.App.5th at pp. 982–983.) Having failed to do so, Castillo's factual arguments have been waived. (*Ibid.*) In any event, the record contains substantial evidence to support a finding of good faith, including the testimony of Matta and of Alex Matta contained in the settled statement, detailing the work done on Castillo's bathroom and the explanations given for the time frame for completing it. The court also had the opportunity to observe Matta testify in person, and we defer to any credibility finding the factfinder made about Matta's good faith.

To the extent Castillo appears to be raising an argument of legal error, it also fails. The trial court explicitly found that Castillo failed to prove the intent element of a claim for IIED. Castillo appears to suggest that the absence of an express statement by the court acknowledging that Castillo need not have shown an intent to injure, but only a reckless disregard of the probability of causing emotional distress, demonstrates legal error. We disagree; the court's finding of "good faith" is an implicit rejection that Matta aced with reckless disregard. Castillo made no objections to the court's statement of decision, and did not suggest prior to judgment that the court's tentative statement of decision failed to address a theory of "reckless

14

disregard."  On appeal, we construe the court's factual findings liberally and draw reasonable inferences in support of the findings.  Here, a finding of good faith impliedly includes a finding that Matta did not act with reckless disregard.

### Attorney Fees

Castillo contends the trial court erred by limiting the award of attorney fees pursuant to section 1942.5, subdivision (i), to fees incurred in prosecuting the cause of action for wrongful and retaliatory eviction.  In its judgment, however, the court provided for an award of attorney fees and costs to plaintiff; the judgment does not specify the amounts of fees and costs, but instead states "attorney fees and costs to be determined as per code."  (Capitalization omitted.)  Our record does not include any postjudgment filings by the parties, or rulings by the court, with respect to whether fees and costs were subsequently litigated, were awarded, and if so, on what basis or in what amounts.

"The party challenging an award of attorney fees bears the burden of providing an adequate record to demonstrate error." (*Rhule v. WaveFront Technology, Inc* (2017) 8 Cal.App.5th 1223, 1228.)  Here, Castillo has failed to provide an adequate record for review and has not demonstrated that the trial court erred in making any award of fees.

Castillo tries to avoid the lack of a record regarding any award of fees by attacking a portion of the court's statement of decision:  specifically, that in connection with Castillo prevailing on the cause of action for retaliatory conviction, the court made an award of attorney fees pursuant to section 1942.5, subdivision (i), but limited to the fees incurred in prosecuting that cause of

15

action.  Castillo first argues that apportionment of fees is not required here, because the various causes of action upon which Castillo prevailed are too intertwined with the wrongful and retaliatory eviction cause of action that apportioning attorney time between causes of action is impractical.  We have no way of knowing, without access to a record of fees incurred, whether in fact apportionment is impractical.

Castillo also contends that there are additional legal bases for an award of attorney fees, beyond the statutory award that the court used in granting fees for prevailing on a claim of wrongful and retaliatory eviction.[6]  However, there is nothing on our record that suggests that these alternative bases for fees were presented to, or ruled on, by the trial court.[7]  We decline to address, as abstract questions of law, whether Castillo had, or has alternative arguments for fees that could have been, or were, presented to the court.

---

[6] In her opening brief, Castillo merely alludes to other bases for fees, without specifying what they are.  In her reply brief, Castillo cites to sections 1717 and 1942.4, subdivisions (a)(1) and (b)(2), and attorney fees awarded in connection with tort damages.

[7] It is not clear that the judgment in this matter precluded Castillo from seeking fees after judgment on the bases other than section 1942.5, subdivisions (h) and (i); the judgment provides for an award of fees *to be determined per code*.  The statement of decision *awarded* fees incurred in connection with the wrongful/retaliatory conviction cause of action, but includes no ruling that additional attorney fees incurred by Castillo may not be recovered on other statutory bases.

16

## DISPOSITION

The judgment is affirmed.  Sarah Matta is awarded her costs on appeal.

NOT TO BE PUBLISHED.


MOOR, J.


We concur:


RUBIN, P. J.


BAKER, J.


17