Filed 6/2/22  Marriage of Stevenson & Bosier CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of ELLERY JEAN and VICTORIA STEVENSON. | |
| ELLERY JEAN STEVENSON, Respondent, v. VICTORIA BOSIER, Appellant. | F082425 (Super. Ct. No. 655132) **ORDER MODIFYING OPINION [CHANGE IN JUDGMENT]** |

**THE COURT:**

Pursuant to California Rules of Court, rule 8.264(c), the court makes the following modification to the May 31, 2022, opinion issued in the above captioned case:

1.  The following sentence is added to the **DISPOSITION**:

"The parties shall bear their own costs on appeal."

This modification changes the judgment.

DETJEN, A.P.J.

WE CONCUR:

FRANSON, J.

PEÑA, J.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of ELLERY JEAN and VICTORIA STEVENSON. | |
| ELLERY JEAN STEVENSON, Respondent, v. VICTORIA BOSIER, Appellant. | F082425 (Super. Ct. No. 655132) **OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Cynthia Hopper, Commissioner.

Victoria Bosier, in pro. per., for Appellant.

No appearance for Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P. J., Franson, J. and Peña, J.

At the center of this appeal is appellant Victoria Bosier's effort to "amend" the judgment dissolving her marriage to Ellery Jean Stevenson in 2004. This opinion addresses the appealability of the decision made in the trial court, the validity of the decision made, and the adequacy of the record provided. We affirm the trial court's denial of the request to amend.

## FACTUAL AND PROCEDURAL SUMMARY

Appellant and Stevenson were married on January 21, 1995, and separated on July 14, 2000. On July 17, 2000, Stevenson filed a petition to dissolve the marriage, citing irreconcilable differences and stating no assets were subject to disposition. The record provided here lacks any evidence on how or when the petition was served on appellant.

On August 29, 2000, Stevenson filed a request to enter a default judgment, noting appellant had not responded to the petition. Stevenson filed a declaration for default or uncontested dissolution on September 29, 2004. A judgment of dissolution of marriage was signed and filed on that same date. A notice of entry of judgment (2004 judgment), also filed on September 29, 2004, contained a mailing address for appellant.

In October 2007, appellant went to the Fresno County Clerk's Office and discovered that a judgment had been granted in September 2004 dissolving her marriage. Appellant contends that when she informed the clerk's office that she had never been served with any documents, she was told she could "get this amended."

On September 11, 2020, Stevenson died. On December 30, 2020, appellant filed a request to change or amend the 2004 judgment.[1] In a document dated December 3, 2020, that appears to accompany the request, appellant states she was unaware of the divorce,

---

[1] While not referencing a divorce or dissolution, the document references the case number for the dissolution action, asking for a change or amendment.

2

had never been served, and had signed nothing related to a divorce.[2]  In a letter addressed to the presiding judge, appellant explained that after visiting a local Social Security office, she was informed her marriage lasted only nine years 10 months.[3]  Appellant also explained her reasons for the need to amend the judgment dissolving her marriage to Stevenson.  The letter and accompanying documents raised a variety of allegations about the relationship between appellant and Stevenson, and sets out claims she was never served with the divorce papers and that her signature was forged.

A hearing on appellant's request to amend the judgment was held on February 16, 2021.[4]  On that same date, the court issued an order denying the request to amend the 2004 judgment.  When denying the request, the court stated:

> "There is no proof of service filed and the petitioner is deceased.
>
> "Court has reviewed the filed paperwork and court allows her to provide testimony.  Respondent only provided testimony as to her knowledge of the judgment filed 10/2007 and upon her knowledge of that judgment in 10/2007, she did not file any paperwork to set aside that judgment.
>
> "Court has sworn-in Mrs. [L.T.] and the court asked her support person if she has any testimony to provide for the respondent as to respondent's request to set aside the judgment and [L.T.] stated she has no other testimony to provide to the court.
>
> "As to her request to amend/set aside the judgment, the status [*sic*] of limitations has lapsed to set aside the judgment and Motion is denied based on the Court finds that there is no grounds to set aside the judgment pursuant to Family Code Section 2122."

Appellant filed a timely notice of appeal.  No response was filed to the opening brief by any party.

---

**2**    The document has no filing stamp, so it is unclear when it became part of the trial court file.

**3**    This calculation of time would be consistent with the marriage ending in 2004.

**4**    No reporter's transcript of this hearing has been provided.

3

## DISCUSSION

**I.      Is the Denial of the Request to Amend the 2004 Judgment Appealable?**

Code of Civil Procedure section 904.1 provides a list of what is considered an appealable order.  Primarily, an appeal must follow a judgment.  However, the statute also provides a list of other orders that can be considered appealable.  Of relevance here is Code of Civil Procedure section 904.1, subdivision (a)(10), which recognizes various orders deemed appealable in the Family Code.

In Family Code[5] section 2120, the Legislature recognized the need to provide rules addressing the unique types of orders issued when parties dissolve marriages, or are subject to support orders or child custody arrangements.  Therefore, the "public policy of assuring finality of judgments must be balanced against the public interest in ensuring proper division of marital property, in ensuring sufficient support awards, and in deterring misconduct."  (§ 2120, subd. (c).)  The specific language applicable to this case provides:

> "In proceedings for dissolution of marriage, for nullity of marriage, or for legal separation of the parties, the court may, on any terms that may be just, relieve a spouse from a judgment, or any part or parts thereof, adjudicating support or division of property, after the six-month time limit of Section 473 of the Code of Civil Procedure has run, based on the grounds, and within the time limits, provided in this chapter."  (§ 2121, subd. (a).)

An order granting or denying a motion to vacate a judgment has been found to be appealable since it follows an appealable judgment.  (*Ryan v. Rosenfeld* (2017) 3 Cal.5th 124, 134.)  While it is not entirely clear how appellant wanted to amend the 2004 judgment, the effort to amend sought to change the prior judgment in some way.  Therefore, the denial of this request to amend the prior judgment was an appealable order.  (See *Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1143–1144.)

---

[5]      All further statutory references will be to the Family Code, unless otherwise specified.

4

**II.     This Action is Barred by the Relevant Statute of Limitations**

The judgment dissolving the marriage was entered in 2004.  Even if she was not properly served, appellant learned of the 2004 judgment in 2007.  Appellant then sought to amend the 2004 judgment in 2020.

The specific provision in the Family Code most relevant here is section 2122, subdivision (a).  This subdivision allows a party to seek a motion to set aside or change a judgment of dissolution, where there was some form of fraud, such as being kept in ignorance or fraudulently prevented from participating in the proceeding.  If a party is relying on this subdivision, the motion must be brought within one year after the date on which the complaining party discovered, or should have discovered, the fraud.  (§ 2122, subd. (a).)

The letter appellant submitted to the court with her request to amend the 2004 judgment admitted she learned about the 2004 judgment in 2007.  The letter does not provide reasons for the delay in proceeding from 2007, when appellant says she learned about the divorce, and December 2020, when she filed documents to amend the 2004 judgment granting the dissolution of her marriage.  Nor is there a record of testimony offered at the time of the hearing in the trial court on the reasons for the delay.  This lack of evidence was noted by the trial court in the minute order denying the request to amend the 2004 judgment.

Appellant was required to seek an amendment of the 2004 judgment within one year after she discovered, or should have discovered, that a judgment was entered but never served.  (*In re Marriage of Georgiou & Leslie* (2013) 218 Cal.App.4th 561, 571–572.)  "An order granting [or denying] a motion to set aside a judgment under section 2122 is reviewed under an abuse of discretion standard."  (*In re Marriage of Binette* (2018) 24 Cal.App.5th 1119, 1125.)  The exercise of discretion will not be

5

disturbed on appeal without "a clear showing of abuse," sufficiently grave to result in a miscarriage of justice. (*In re Marriage of Rosevear* (1998) 65 Cal.App.4th 673, 682.)

Appellant waited 13 years from the time she discovered her marriage to Stevenson had been dissolved before she requested an amendment to the 2004 judgment. On both legal and equitable grounds, we find no abuse of discretion in the trial court's decision to deny the request to amend.

## III. An Adequate Record Has Not Been Provided on the Issue of Unfairness

In her opening brief to this court, appellant pleads for mercy and makes allegations that she did not receive a fair hearing on her motion in the trial court. No transcript of the hearing held on February 16, 2021, has been provided to this court.

"If an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings .…" (Cal. Rules of Court, rule 8.120(b).) A record of the lower court proceedings is required to both support allegations of claimed error, and to facilitate an appellate court's review of those claims. (*In re Marriage of Wilcox* (2004) 124 Cal.App.4th 492, 498–499.) There will be no reversal of an order for abuse of discretion when there is no record explaining what occurred at the underlying hearing or the trial court's reasoning. (*Rhule v. Wavefront Technology, Inc.* (2017) 8 Cal.App.5th 1223, 1228–1229.)

This court is unable to review appellant's claims of unfairness in the hearing below because an inadequate record has been provided.

### DISPOSITION

The trial court's order denying the request to amend the 2004 judgment is affirmed.