Filed 2/23/2017

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| CARLTON RHULE, | B267359 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC540719) |
| v. | |
| WAVEFRONT TECHNOLOGY, INC., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Terry A. Green, Judge. Affirmed.

Mark Weidmann for Plaintiff and Appellant.

Johnson & Associates and William D. Johnson for Defendant and Appellant.

Plaintiff and appellant Carlton Rhule (plaintiff) appeals the trial court's award of $8,125.00 in attorney fees to defendant and respondent WaveFront Technology, Inc. (defendant). The trial court authorized defendant to seek an award of attorney fees as a condition of permitting plaintiff to withdraw admissions he mistakenly made in response to two requests for admission served by defendant. Our record on appeal includes no reporter's transcript (or a suitable substitute therefor) of either the hearing on plaintiff's motion to withdraw his mistaken admissions or the subsequent hearing at which the trial court ruled on defendant's motion for attorney fees. Plaintiff nevertheless urges us to conclude the trial court's attorney fees award was made without statutory authority and was an abuse of the trial court's discretion. We reject both contentions.

## I. BACKGROUND

Plaintiff sued defendant, his former employer, for wrongful termination. The details of the lawsuit are not important to the issues we decide in this appeal.

On November 26, 2014, Defendant served a first set of requests for admission (RFAs) on plaintiff. Among the various requests were RFAs numbered 28 and 29, which asked plaintiff to admit defendant had not violated certain provisions of the Labor Code. In his responses to the RFAs, served on December 30, 2014, plaintiff admitted RFAs 28 and 29.

Plaintiff later realized he had admitted RFAs 28 and 29 by mistake. After unsuccessfully urging defendant to stipulate to allow him to withdraw his admissions and file amended responses, plaintiff filed a noticed motion under Code of Civil

2

Procedure section 2033.300[1] requesting leave of court to do so (the RFA Relief Motion). He filed the motion on April 6, 2015, and by that time, defendant had already taken plaintiff's deposition. Defendant opposed the motion.

The trial court held a hearing on the RFA Relief Motion. The record on appeal contains no reporter's transcript (or an agreed or settled statement) to memorialize what transpired during the hearing. A minute order issued by the trial court in connection with the hearing states no court reporter was present. As to the substance of the court's ruling, the minute order states that "[t]he Court, having read and considered the documents filed and all oral argument, grants the Motion of Plaintiff . . . to Request Leave to Amend Plaintiff's Response to Defendant's Request for Admission No. 28 and No. 29." Providing just a clue as to what transpired at the hearing, the minute order also set a future hearing date for a motion for attorney fees.[2]

---

[1] Statutory references that follow are to the Code of Civil Procedure.

[2] A notice of ruling prepared by counsel for defendant provides additional detail as to what purportedly transpired at the hearing. It states the court ruled defendant "shall be awarded its attorney fees in having to oppose the [RFA Relief Motion], appear at the hearing on the Motion, and retake the plaintiff's deposition; the court will decide the amount of attorney fees to be awarded upon [defendant's] noticed motion for them . . . ." Because the notice of ruling was not issued or approved by the trial court, we do not rely on the accuracy of its contents in resolving this appeal.

3

Defendant subsequently filed a motion seeking an award of $10,000 in attorney fees (the Fees Motion). According to the Fees Motion, the trial court conditioned its decision to grant the RFA Relief Motion "on several things, including allowing defendant to retake plaintiff's deposition in relation to the changed answers to Requests for Admission numbers 28 and 29, and [a]warding defendant its attorney fees in connection with the Motion but requiring defendant to file a noticed motion for its fees." Plaintiff filed an opposition to the Fees Motion. Plaintiff argued the trial court had only authorized defendant to seek a "nominal" amount of attorney fees in connection with opposing the RFA Relief Motion, not $10,000.[3] Plaintiff further argued the trial court did not authorize defendant to seek attorney fees in connection with re-deposing plaintiff because the court ruled only that defendant could seek reasonable costs, and costs do not include attorney fees.

The trial court held a hearing on defendant's Fees Motion. Again, the record before us includes no reporter's transcript (or an agreed or settled statement) to memorialize what transpired. The brief order issued by the trial court following the hearing states in relevant part as follows: "The court, having considered the court file, including the papers submitted by the parties in connection with this motion, and after hearing the argument of

---

[3]    With his opposition, plaintiff submitted a declaration from counsel that purported to recount certain of the trial court's rulings during the hearing on the RFA Relief Motion, including the alleged statement concerning the authorization of a "nominal" sum of attorney fees. Because the declaration from counsel was not issued or approved by the trial court, we do not rely on the accuracy of its contents in resolving this appeal.

4

counsel, with satisfactory proof having been made to the court that the relief sought ought to be granted, and good cause otherwise appearing therefor, [¶] IT IS ORDERED that, pursuant to Code of Civil Procedure section 2033.300(c), the motion of defendant WaveFront Technology, Inc., for its attorney fees is granted in the amount of $8,125.00 . . . ."

## II. DISCUSSION

The absence of an adequate record of what transpired at both of the key hearings in the trial court hobbles plaintiff's appeal. As the party asserting error, it is plaintiff's burden to supply an adequate record, and other than the portion of the trial court's order that states section 2033.300, subdivision (c) was the statutory basis of its attorney fees award, we have no reliable means of assessing the trial court's rationale for awarding fees. Thus, we consider only plaintiff's argument that section 2033.300 cannot authorize an attorney fees award under any circumstances. If plaintiff is wrong about that—and he is—the inadequacy of the record precludes further review and affirmance is required.

Section 2033.300 provides in full as follows: "(a) A party may withdraw or amend an admission made in response to a request for admission only on leave of court granted after notice to all parties. [¶] (b) The court may permit withdrawal or amendment of an admission only if it determines that the admission was the result of mistake, inadvertence, or excusable neglect, and that the party who obtained the admission will not be substantially prejudiced in maintaining that party's action or defense on the merits. [¶] *(c) The court may impose conditions on the granting of the motion that are just, including, but not limited*

5

*to, the following*: [¶] (1) An order that the party who obtained the admission be permitted to pursue additional discovery related to the matter involved in the withdrawn or amended admission. [¶] (2) An order that the costs of any additional discovery be borne in whole or in part by the party withdrawing or amending the admission." (Emphasis added.)

Plaintiff agrees that subdivision (c) of section 2033.300 gives a trial court discretion to conditionally grant a motion to withdraw or amend a response to an RFA, but he emphasizes the statute makes no express reference to attorney fees—only "costs" of additional discovery. Thus, in his view, conditioning relief upon the payment of attorney fees is not authorized by the statute. The argument fails for two reasons.

First, section 2033.300's reference to costs should be read to include attorney fees: both the general civil costs statute and a statute specific to requests for admission support such a reading. (See § 1033.5, subd. (a)(10) [treating attorney fees as a sub-category of "costs"]; § 2033.420, subd. (a) ["If a party fails to admit . . . the truth of any matter when requested to do so under this chapter, and if the party requesting that admission thereafter proves . . . the truth of that matter, the party requesting the admission may move the court for an order requiring the party to whom the request was directed to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees"].) Second, even if attorney fees are not understood as a subset of permissible "costs," section 2033.300 does not limit a court's discretion to those conditions set forth in subdivisions (c)(1) and (c)(2). Rather, by its express terms, section 2033.300 gives a court discretion to impose "just" conditions that are "not limited to" those specified in the statute.

6

An award of attorney fees that is reasonable in light of the conditional relief granted can accordingly be such a condition.[4]

Plaintiff argues, however, that the trial court's attorney fees award in this case was an abuse of its discretion. (*Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 485 [order granting attorney fees is reviewed for abuse of discretion].) He maintains the trial court stated it would only authorize a "nominal" amount of fees at the hearing on the RFA Relief Motion, he asserts the trial court did not authorize defendant to recoup fees associated with re-taking plaintiff's deposition, and he makes largely perfunctory objections to the reasonableness of some of the hours for which defense counsel sought compensation.

The party challenging an award of attorney fees bears the burden of providing an adequate record to demonstrate error. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 448 ["The absence of a record concerning what actually occurred at the trial precludes a determination that the trial court abused its discretion" in awarding $470,000 in attorney fees]; see also *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 ["It is well settled, of

---

[4]     Plaintiff also argues the court had no power to award fees to defendant because it was not the prevailing party in connection with the RFA Relief Motion. An award of fees under section 2033.300 does not require a determination that the party seeking fees prevailed on a motion to withdraw or amend an admission—indeed, quite the opposite. The statute provides a court can impose "conditions on granting the motion," which presumes the conditions (e.g., the award of attorney fees here) will be imposed only where the *moving party* prevails.

course, that a party challenging a judgment has the burden of showing reversible error by an adequate record"].)  Without a reporter's transcript or an agreed or settled statement of the proceedings at the two pertinent trial court hearings, we do not know the basis of the trial court's reasoning in awarding fees, nor can we assess the merits of plaintiff's contentions about certain rulings or statements made by the trial court during the hearings in question.[5]  Because we have concluded section 2033.300 does permit, as a general matter, a court to condition relief on the payment of reasonable attorney fees, the remainder of plaintiff's contentions must therefore fail.  We do not presume error on appeal; rather, the opposite is true: we presume that the court's fees order is correct unless plaintiff demonstrates the trial court abused its discretion—which he has not.[6]  (*Maria P. v. Riles*,

---

[5]     This is not a case where the trial court's written rulings (or other materials in the record) sufficiently illuminate the factual and legal predicate for the trial court's orders.  The written rulings included in the record are quite succinct, which is further indication that a reliable record of what transpired at the hearings is indispensible for our review.

[6]     Plaintiff cites *Gardner v. Superior Court* (1986) 182 Cal.App.3d 335 for the proposition that the presumption of correctness for trial court judgments can be overcome where the appellate record reveals a trial court entirely failed to exercise any discretion.  The trial court here awarded significantly less than the full amount of attorney fees defendant requested.  The court's reduction of the amount sought is proof positive that the trial court did not utterly fail to exercise its discretion.  (*Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1134 ["The award granted was significantly reduced from the original request as a result of the trial court's indication that it did not

*supra*, 43 Cal.3d at p. 1295 [trial court's failure to specify in its written order the basis of its calculation of the fee award, and the absence of a transcript of the fee hearing or a settled statement of that proceeding in the record, rendered it impossible to determine whether the trial court used an appropriate method to determine fees]; see also *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

DISPOSITION

The trial court's attorney fees order is affirmed. Respondent shall recover its costs on appeal.

**CERTIFIED FOR PUBLICATION**

BAKER, J.

We concur:

TURNER, P.J.

KRIEGLER, J.

---

look favorably on the full request.  Thus, it clearly appears that the trial court exercised its discretion"].)