Filed 7/27/21  Park v. Dr. Midas Medical Group CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| GINGER PARK,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DR. MIDAS MEDICAL GROUP, INC., et al.,<br><br>    Defendants and Appellants. | B301873<br><br>(Los Angeles County Super. Ct. No. 19STCV05213) |

    APPEAL from an order of the Superior Court of Los Angeles County, Elihu M. Berle, Judge.  Affirmed.

    Law Office of Chad Biggins and Chad Biggins for Defendants and Appellants.

    Law Office of Jonathan Ricasa and Jonathan Ricasa; Briana Kim for Plaintiff and Respondent.

Plaintiff Ginger Park (plaintiff) filed a class action complaint alleging wage and hour claims against her former employer, Dr. Midas Medical Group, Inc. (Midas), Midas's CEO Han Tae Choe (Choe), and Youngjoo Hahn (collectively, defendants). Defendants appeal from the trial court's order denying their motion to compel arbitration on the ground that the purported agreement to arbitrate is unconscionable. We consider whether defendants have furnished an adequate record to permit review of the trial court's order.

## I. BACKGROUND

Plaintiff worked for Midas as a "consultant/store manager" (plaintiff's characterization) or "manager" (defendants' characterization) between 2014 and 2018. In 2019, plaintiff filed a putative class action against defendants alleging meal period and rest break violations (Lab. Code, §§ 226.7, 512), minimum wage and overtime violations (Lab. Code, §§ 510, 1194, 1198), failure to provide accurate itemized wage statements (Lab. Code, §§ 226, 1174), failure to timely pay final wages (Lab. Code, §§ 201-204), and violation of the Unfair Competition Law (Bus. & Prof. Code, § 17200 et seq.).

About six months after plaintiff filed her complaint, defendants moved to compel arbitration. In a declaration accompanying the motion, CEO Choe explained defendants were initially "unable to locate [plaintiff's] employment agreement

2

because it was not in her employee file," but had "recently" found it in a filing cabinet.[1]

The employment agreement consists of eight pages numbered one through five and seven through nine. Neither party discusses the absence of a page six, but this appears to be a missing page rather than a pagination error.

Park's name is signed on the first and last pages of the agreement, though she filed a declaration stating she "do[es] not recall signing" it. Several other pre-printed lines on the agreement remain blank, including lines for the date of the agreement, plaintiff's position and salary, and the signature of a representative of Midas.

Section 11 of the agreement, printed in bold type, runs from page seven to page eight and states: "RESOLUTION OF DISPUTES. THE EMPLOYEE AND THE COMPANY AGREE THAT IN THE EVENT ANY DISPUTE ARISES CONCERNING THE CONSTRUCTION, INTERPRETATION, OR ENFORCEMENT OF ANY TERM OR PROVISION OF THIS AGREEMENT OTHER THAN SECTION (7) OF THIS AGREEMENT, OR ANY OTHER COMPLAINT, GRIEVANCE, OR ALLEGED UNFAIR, IMPROPER, DISCRIMINATORY, OR ILLEGAL ACTION BY THE COMPANY, INCLUDING, BUT NOT LIMITED TO ALLEGATIONS OF DISCRIMINATION, HARASSMENT, INCLUDING SEXUAL HARASSMENT, WORKERS' COMPENSATION[,] RETALIATION, WHISTLEBLOWER RETALIATION, DEFAMATION,

---

[1] Defendants did not mention the purported arbitration agreement in the initial joint status conference report filed about two months after plaintiff commenced this action.

3

VIOLATION OF PUBLIC POLICY OR ANY LAW, OR ANY CLAIM UNDER THE CALIFORNIA CIVIL RIGHTS ACT, THE REHABILITATION ACT OF 1973, TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, THE AGE DISCRIMINATION IN EMPLOYMENT ACT, THE OLDER WORKER BENEFIT PROTECTION ACT, THE AMERICANS WITH DISABILITIES ACT, THE FAIR LABOR STANDARDS ACT, THE FAMILY AND MEDICAL LEAVE ACT, OR ANY OTHER FEDERAL OR STATE STATUTE, OR LOCAL ORDINANCE, OR ANY CLAIM FOR EMPLOYMENT DISCRIMINATION, THE EMPLOYEE AND THE COMPANY SHALL SETTLE THE DISPUTE BY ARBITRATION IN ACCORDANCE WITH THE UNITED STATES ARBITRATION ACT (9 U.S.C. § 1 ET SEQ.) AND THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION, WHICH ARE PUBLICALLY AVAILABLE ON ITS WEBSITE WWW.ADR.ORG.  THE ARBITRATOR SHALL HAVE THE AUTHORITY TO AWARD ANY REMEDY OR RELIEF THAT A COURT OF COMPETENT JURISDICTION COULD ORDER OR GRANT, INCLUDING, WITHOUT LIMITATION, SPECIFIC PERFORMANCE OF ANY OBLIGATION CREATED UNDER THIS AGREEMENT, THE ISSUANCE OF AN INJUNCTION OR OTHER PROVISIONAL RELIEF, OR THE IMPOSITION OF SANCTIONS FOR ABUSE OR FRUSTRATION OF THE ARBITRATION PROCESS.  ARBITRATION HEREUNDER IS LIMITED TO INDIVIDUAL CLAIMS AND CANNOT BE BROUGHT ON A CLASS BASIS."

As reflected in the quoted text, the arbitration provision excludes disputes concerning section seven of the agreement. Section seven is titled "Covenants" and includes subsections 7.a

("Preliminary Statement"), 7.b ("Non-Solicitation"), 7.c ("Confidentiality"), 7.h ("Remedies"), and 7.j ("Survival"). Subsection 7.c begins on page four and continues to page five— where subsection 7.c.iii.2 ends in a semicolon and no text immediately follows. Instead, subsection 7.h begins on page seven. Summarized very generally, section seven prohibits former employees from soliciting Midas's employees and customers for a period of one year and from using or disclosing confidential business information or trade secrets for a period of two years.

Section 12 of the employment agreement provides that, "in the event any litigation or similar proceeding . . . is commenced" involving an alleged breach of the agreement, the prevailing party is entitled to "all costs and expenses, including, without limitation, attorney's fees, court costs, and cost [*sic*] of experts and investigation, whether at trial, upon appeal, or during investigation . . . ."

Plaintiff opposed defendants' motion to compel arbitration on several grounds, including the ground that defendants could not establish the existence of a valid contract and, in any case, the employment agreement's arbitration provision is unconscionable. The trial court denied the motion to compel. The court's reasoning is not reflected in its minute order,[2] and

---

[2]    In pertinent part, the minute order is quite brief: "The matter is called for hearing. [¶] The Court has reviewed the documents submitted by counsel. [¶] The Motion to Compel Arbitration is heard and argued. [¶] The Court after reviewing and considering all moving party and opposing party papers, and arguments of counsel, makes the following ruling: [¶] The

defendants did not request a statement of decision.  The record on appeal does not include a reporter's transcript from the hearing on defendants' motion or a settled or agreed statement concerning the reasons for the court's ruling.

## II.  DISCUSSION

There is not much we can do with this case.  Defendants have the burden to affirmatively show error on appeal and we are a court of review (at least for appellate proceedings), not a court of first resort.  Defendants provide us with no reporter's transcript or suitable substitute that would document the proceedings at the hearing on the motion to compel arbitration, and we have no clue as to the trial court's reasons for the ruling it made.  The defect is fatal and requires affirmance.

"[T]he cardinal rule of appellate review [is] that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown." (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187, citing *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; see also *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 (plur. opn. of Grodin, J.).)  The trial court's rationale for denying defendants' motion to compel arbitration is not reflected anywhere in the record, and without anything to memorialize all that transpired at the hearing on the motion, defendants cannot demonstrate reversible error. (See, e.g., *Rhule v. WaveFront Technology, Inc.* (2017) 8 Cal.App.5th 1223, 1229, fn. 5 [when written rulings are "quite succinct," as the trial court's minute order is here, "a reliable

---

Motion to Compel Arbitration filed by Youngjoo Hahn, Han Tae Choe, Dr. Midas Medical Group, Inc. on 08/13/2019 is Denied."

6

record of what transpired at the hearing[ ] is indispensable" for appellate review].)  For all we know, the trial court might have found there was no proper showing of the authenticity of the purported arbitration agreement and denied the motion on that basis—a determination we would review for abuse of discretion, which is not possible in this case on the inadequate appellate record defendants have furnished.  (*People v. Flinner* (2020) 10 Cal.5th 686, 727; *Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483; *Ruiz v. Moss Bros. Auto Group, Inc.* (2014) 232 Cal.App.4th 836, 846.)  In short, error has not been affirmatively shown.

## DISPOSITION

The order denying defendants' motion to compel arbitration is affirmed.  Plaintiff shall recover her costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, J.

We concur:



RUBIN, P. J.



KIM, J.


7