Filed 8/2/22  Marriage of Hu and Lin CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of KATHERINE HU and PAUL LIN. | |
| KATHERINE HU, Respondent, v. PAUL LIN, Appellant. | F082832 (Super. Ct. No. R1502FL6395) **OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Gloria J. Cannon, Judge.

Chung & Ignacio and Eric N. Chung, for Appellant.

Wanger, Jones, Helsley and Jay A. Christofferson, for Respondent.

-ooOoo-

---

\*       Before Franson, Acting P. J., Smith, J. and Snauffer, J.

Appellant, Paul Lin, appeals the denial of his request for orders, seeking a division of community assets he believes were not addressed in a judgment entered in April 2019. Appellant believes he can pursue such an order under Family Code[1] section 2556, which states courts have continuing jurisdiction over matters not addressed in a judgment dividing marital assets. Following our review of the record provided by the parties to this court, we affirm the judgment entered below denying appellant's request for orders.

## FACTUAL AND PROCEDURAL SUMMARY

Appellant and Katherine Hu were married in 2005 but separated just over four years later in 2009. As of 2018, the couple had yet to formalize various aspects of their divorce.[2] Specifically, the parties were in limbo on how to divide their assets.

In April 2016, the court designated an expert to complete a report pursuant to Evidence Code section 730 (730 report), identifying the couple's assets at the time of separation. Both parties participated in this hearing. When the 730 report was ready in November 2016, Hu contacted the expert in an email and asked if the total he listed as community property would all eventually be designated community property by the trial court. Hu noted that since the separation she had made mortgage payments on the family home and had already made some payments to appellant. The expert responded:

> "My job was to determine the cash balances as of October 27, 2016. I do not have the information to determine who owes what. I assume the two attorney's [sic] will determine this based on what you and Mr[.] Linn [sic] provide to them. There are a lot of variables such as net fair market value of house,[ ]how much more you have paid Mr. Lin, value of furnishings taken[,] etc."

---

**1** All further statutory references are to the Family Code unless otherwise specified.

**2** While there is a trial brief in the clerk's transcript from 2013, nothing else has been provided to show much of the history of this case until 2018 when proceedings relevant to this appeal occurred.

The 730 report was entered into evidence during a hearing held on April 2, 2018.[3]  The hearing also addressed the issue of spousal support, the right to possess specific assets, and how a payment should be made to the expert for the 730 report.  While noticed, neither appellant nor his attorney appeared at the April 2018 hearing.[4]

After several versions of a judgment were issued following the April 2018 hearing, a final judgment was issued on April 12, 2019.[5]  The judgment stated the marriage between Hu and appellant was dissolved as of December 4, 2015, and that neither party had a right to spousal support.  The judgment also addressed the issue of property, granting Hu the family home as her sole and separate property, and stating property already in possession of the parties would be designated their property and that debts obtained in their own names would remain their own debts.  Finally, the judgment addressed an outstanding payment owed to the expert, which would require appellant to make an equalizing payment of $10,000 to a trust account.  A notice of entry of this judgment was filed on May 17, 2019.

In October 2020, appellant sent Hu a notice for a hearing scheduled in November 2020, seeking a request for orders.  Appellant was now asking the court to divide community property assets he believed had been omitted from the earlier judgment.  In response, Hu provided a memorandum of points and authorities with accompanying declarations and exhibits, which referenced the judgment entered in 2019, and the fact appellant had not appeared at the April 2018 hearing when community assets were addressed.

---

[3]     The record provided to this court fails to provide any documented objections to the 730 report between 2016 when it was submitted to the parties and the 2018 hearing date.

[4]     Appellant claims the hearing started 15 minutes earlier than originally scheduled.  However, there is no evidence in the record showing he complained about not being able to participate in the hearing until more than one and a half years later when he submitted his request for orders.

[5]     This judgment is referred to as the "Second Corrected Judgment" in the record.

3.

During the March 2021 hearing, the court questioned why appellant had waited so long to claim assets were omitted from the earlier judgment. Counsel for appellant cited various accounts they believed had not been addressed in the prior judgment and stated those still had to be divided. Counsel for Hu responded that all assets were meant to be addressed in the prior 2019 judgment, and that if appellant disagreed, he had an obligation to raise those concerns immediately after that judgment was entered.

On March 23, 2021, the court issued a ruling denying appellant's request for an order dividing further assets. A notice of appeal was filed on May 21, 2021.

## DISCUSSION

Again, appellant's primary contention is that various assets were not resolved in the April 2019 judgment. As a result, appellant believes he should not be barred by any statute of limitations preventing challenges to these judgments found in the Family Code.

## I. The Availability of a Challenge Under Section 2556

Despite California's strong public policy favoring the finality of judgments, a court may still have an opportunity to divide community property assets if certain circumstances exist. Specifically, under section 2556, a trial court has continuing jurisdiction to resolve disputes involving community assets or liabilities not resolved in earlier judgments. The critical question is whether the community assets or liabilities were litigated and divided in a previous proceeding, leading to a judgment. (*In re Marriage of Huntley* (2017) 10 Cal.App.5th 1053, 1061.)

Various concepts guide our review of this matter. Family courts are granted "broad statutory powers to accomplish a just and equal division of marital property." (*In re Marriage of Greaux & Mermin* (2014) 223 Cal.App.4th 1242, 1250 [citing §§ 2550, 2553].) A court's ruling dividing property is therefore reviewed under an abuse of discretion standard. (*In re Marriage of Dellaria & Blickman-Dellaria* (2009) 172 Cal.App.4th 196, 201.) When seeking review, an appellant is required to provide a record that adequately addresses the issues the court has been asked to review.

4.

(Cal. Rules of Court, rule 8.120; see *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [An appellant has the burden to overcome the presumption of correctness and show prejudicial error].) The record must support any allegations of claimed error and must facilitate an appellate court's review of those claims. (*In re Marriage of Wilcox* (2004) 124 Cal.App.4th 492, 498–499.) An abuse of discretion cannot be found when the record is incomplete and fails to explain what occurred in the lower court before the ultimate judgment was entered by the trial court. (*Rhule v. WaveFront Technology, Inc.* (2017) 8 Cal.App.5th 1223, 1228–1229.)

### A. The April 2019 Second Corrected Judgment

Appellant's specific argument is that the April 2019 judgment fails to address the accounts listed in the 730 report, which identified a total of $332,375 from those accounts as community property. Appellant states the April 2019 judgment failed to address how these funds should be dispersed. Unfortunately, the status of the record provided to this court makes a review of this claim difficult.

Our review suggests there were more proceedings and filings made in this case that would have helped explain why the final judgment included some items and not others. For instance, a May 2016 letter from counsel for Hu lists a $115,100 transfer appellant apparently made from a joint account to an account that was in his name only, close to the time when the parties separated. There is also an email exchange between August and October 2016, submitted as an exhibit to Hu's opposition to the request for orders, in which the expert asks appellant's attorney for information on a possible second bank account that was apparently controlled by appellant. A second bank account was not included in the 730 report. In October 2016, the expert asked appellant for additional information on an additional savings account he needed to complete his 730 report. Hu apparently told the accountant appellant was the primary account holder on the savings account and that he should be asked for the necessary documents. In yet another communication with appellant's attorney, the expert asked for a trial brief,

hoping it might help him understand appellant's claim that separate property proceeds from the sale of a house were placed in a community property account.

When the 730 report was provided to the parties in November 2016, Hu emailed the accountant and asked him if it explained " 'who gets what.' " Hu noted she had made mortgage payments on the family home and that "early disbursements" were made to appellant. The accountant explained the 730 report merely listed what was in each account at the time of separation and that he did not have the information necessary to determine "who owes what."

More than one year later, in April 2018, at the hearing scheduled to resolve the property issues, Hu's attorney stated testimony from both parties had already been taken on the issue of spousal support. The attorney further noted that there was $84,000 in a trust account. While no detailed explanation is provided as to the source of the funds in the trust account, the fact he asks the court to order an equalizing payment from appellant in the amount of $10,000 to be placed in that trust account, suggests those funds represented what was remaining of the dispute between the parties. Finally, Hu's attorney stated that his client continued to make mortgage payments on the family home, and that the home had "no real appreciable equity."

A review of the entire record provided to this court by both appellant and Hu leads us to conclude that whatever was left of the funds listed in the 730 report in 2018 may have been disbursed and/or paid toward maintaining the family home. There is even some suggestion that accounts not listed in the 730 report contained funds listed in the report. The trial court was likely satisfied the parties were already in possession of the funds and properties that belonged to them individually when it stated in the judgment, "Each party shall keep the furniture, furnishings, vehicles and personal property in their possession." If this assumption was incorrect, we question why appellant failed to challenge the various versions of the judgment drafted following the April 2018 hearing, before the second amended judgment was entered in April 2019.

6.

It appears appellant may be taking advantage of the passage of time and a selective use of the record provided to this court to claim the April 2019 judgment failed to address all the assets and liabilities owned by the parties at the time the marriage was dissolved. Based on our review of the record on appeal, we are not confident that everything considered by the trial court is now before this court. As a result, we cannot find there was an abuse of discretion and cannot reverse the judgment.[6] (*Rhule v. WaveFront Technology, Inc.*, *supra*, 8 Cal.App.5th at pp. 1228–1229.) Any award of attorneys' fees, costs, or sanctions made by the trial court in this matter will not be disturbed as a result of this appeal.

## DISPOSITION

The judgment is affirmed. Hu is entitled to recover her costs on appeal. (Cal. Rules of Court, rule 8.278.)

---

[6] We do not address the question of whether section 2122 could provide any relief to appellant. First, this possibility was not specifically raised by appellant. Second, and more importantly, any challenge he could have made under section 2122 would have been time barred when he submitted his request for orders.