Filed 5/12/25  Tabarez v. Robinson CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MADELYNN TABAREZ,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>TREVOR ROBINSON,<br><br>      Defendant and Respondent. | D083858<br><br><br>(Super. Ct. No. EFL000787) |

APPEAL from a judgment of the Superior Court of Imperial County, Michael Domenzain, Judge.  Affirmed.

Mariam E. Hanna for Plaintiff and Appellant.

Diana Lemons; Dennis Temko for Defendant and Respondent.

## MEMORANDUM OPINION

In this family court matter, Madelynn Tabarez appeals from trial court orders from a hearing held in December 2023.  Because the hearing at which such orders were made was not reported, we affirm.

## PROCEDURAL BACKGROUND

After a romantic relationship with Trevor Robinson, Tabarez gave birth to K.R. in 2017.  Robinson sought custody and visitation with K.R.  Initially Tabarez opposed Robinson's petition, but in September 2018, they reached a

settlement in which the parties agreed to joint legal custody, sole physical custody to Tabarez, and visitation for Robinson. The court adopted the agreement as its order. Thereafter, the parties engaged in ongoing conflict regarding Robinson's contact with K.R., involving multiple court hearings.

Relevant here, on November 9, 2023, Tabarez filed a Request for Order seeking new custody and visitation orders, child support, an order for the immediate enrollment of minor in psychological counseling, and for appointment of minor's counsel. The matter was set for hearing on December 12, 2023.

The minute order for that hearing indicates that it was not reported. According to the court's Findings and Order After Hearing (Order), at the December 12 hearing, the court found that Tabarez's "statements are wildly inconsistent," and that the "ongoing unnecessary litigation is very disruptive to the child". The Order states that "[a]ll requests for modification of custody/visitation are denied" and sanctions were ordered against Tabarez in the amount of $2,500.

Tabarez timely appeals.

DISCUSSION

Tabarez argues that the court abused its discretion when it denied her request that counsel be appointed for K.R. and that psychological services be ordered for the child. Under Family Code section 3150, the court has discretion to appoint counsel for a minor child in a custody or visitation proceeding, if the court concludes that such appointment would be in the child's best interest. Under Family Code section 3190, subdivision (a)(1)&(2), the court may order a minor child and parents in a custody or visitation dispute to participate in outpatient counseling with a licensed mental health professional if the court finds that the dispute between parents poses a

2

substantial danger to the best interest of the minor child and that counseling would be in the child's best interest.

Although Tabarez now argues that the court abused its discretion when it made orders regarding appointment of counsel and psychological services, this argument suffers from a fundamental defect, i.e., that the absence of a hearing transcript renders the record fatally incomplete for our review.

A judgment is presumed correct. (*Rhule v. WaveFront Technology, Inc.* (2017) 8 Cal.App.5th 1223, 1229 ["We do not presume error on appeal; rather, the opposite is true: we presume that the court's . . . order is correct unless plaintiff demonstrates the trial court abused its discretion."].) Appellant bears the burden of establishing error, which usually requires a complete record, including reporter's transcripts, from which we can assess claims of error. (See, e.g., *Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039 [Appellant is obliged "to present a complete record for appellate review, and in the absence of a required reporter's transcript and other documents, we presume the judgment is correct."].) The minute order of the hearing reflects that the hearing was not reported. Tabarez therefore cannot provide a reporter's transcript, nor has she provided any legally cognizable substitute for such a transcript, making it impossible for us to consider the merits of her claims of error.

In the case of *In re Valerie A.* (2007) 152 Cal.App.4th 987, appellant argued that the court erred in denying visitation between siblings. The appellant did not provide the reporter's transcript for the hearing at which the order was made. The court noted that without the transcript, the court could not determine what the court considered, what standard of proof it applied, or whether the order after hearing may have been the result of clerical error or some other inadvertence. The appellate court concluded that

3

in the absence of the record transcript, the court "cannot knowledgeably rule on the merits of this issue, and we consider the claim abandoned." (*Id.* at pp. 1002–1003). We confront the same issue in this appeal.

In the absence of a reporter's transcript, we cannot determine whether the court abused its discretion in any way in making the orders.

## DISPOSITION[1]

The judgment is affirmed. Robinson is entitled to costs on appeal.

KELETY, J.

WE CONCUR:

IRION, Acting P. J.

DATO, J.

---

[1] In light of the disposition, the pending motion to dismiss is denied as moot.