Filed 8/28/25  Northstar v. Apollo Couriers CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| XAVIER NORTHSTAR,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>APOLLO COURIERS, INC.,<br><br>Defendant and Appellant. | B334620<br><br>(Los Angeles County Super. Ct. No. 22STCV27232) |

APPEAL from an order of the Superior Court of Los Angeles County, William F. Highberger, Judge.  Affirmed.

Law Offices of Mokri & Associates and Brad A. Mokri for Defendant and Appellant.

Justice Law Corporation, Douglas Han, Shunt Tatavos-Gharajeh, Lizette Rodriguez, and Talia Lux for Plaintiff and Respondent.

We know from the appellate record that plaintiff and respondent Xavier Northstar (plaintiff) was employed as a driver delivering Amazon packages for defendant and appellant Apollo Couriers, Inc. (defendant), a logistics company. We also know plaintiff signed an arbitration agreement that purported to waive his ability to bring class or "collective action" claims in any forum. When plaintiff later filed a class action wage and hour complaint against defendant in superior court, defendant moved to compel arbitration of the lawsuit and argued the arbitration agreement (and its class action waiver) was valid under the Federal Arbitration Act (FAA) (9 U.S.C. § 1 et seq.). The trial court, at an unreported hearing, denied the motion to compel arbitration because it found plaintiff was a "worker[ ] engaged in foreign or interstate commerce" (9 U.S.C. § 1), plaintiff was therefore exempt from the FAA, and the arbitration agreement was unenforceable under California law. We consider whether defendant has provided an adequate record to compel reversal of the trial court's order.

## I. BACKGROUND

Plaintiff filed a class action complaint against defendant in August 2022 seeking relief on behalf of "[a]ll current and former hourly-paid or non-exempt employees of [d]efendant[ ] within the State of California at any time during the period from four years prior to the filing of this [c]omplaint to final judgment." The complaint asserts eight causes of action under the Labor Code (including failure to pay overtime and minimum wages, violation of meal and rest break rules, and providing non-compliant wage statements) and a cause of action under the Unfair Competition Law.

2

Several months later, defendant moved to compel arbitration of the class action complaint (and to dismiss, or stay proceedings on, the complaint).  Defendant argued plaintiff had signed an arbitration agreement when accepting employment that encompassed the wage and hour claims in the lawsuit and included a provision purporting to waive the ability to proceed on a class-wide or "collective action" basis in court or any other forum.  Defendant argued this waiver was enforceable under the FAA, which it contended governed the arbitration agreement rather than California law.  Defendant further anticipated plaintiff might argue the FAA cannot apply to him because of its "transportation worker exemption" (quoted *ante*), but defendant urged the court to reject such an argument because the complaint included "no factual allegations that [defendant] is a national company," no allegations that "delivery of goods for [defendant] was part of continuous interstate transportation," and no allegations about "the nature of the goods delivered for [defendant]."

Submitted with defendant's motion to compel arbitration was a declaration from counsel attaching the arbitration agreement plaintiff signed in October 2020.  The dense, single-spaced agreement attached (in English, and translated into Spanish) required defendant to arbitrate any disputes arising between him and his worksite employer (along with other related entities, including a temporary staffing employer).[1]  Paragraph 11 of the agreement sets forth the aforementioned class action waiver:  "BY ENTERING INTO THIS AGREEMENT YOU AND

---

[1]    The agreement expressly provides new employees must sign it as a condition of employment.

SPLI, THE SPLI ENTITIES, YOUR TEMPORARY STAFFING EMPLOYER, AND YOUR WORKSITE EMPLOYER WAIVE THE RIGHT TO COMMENCE OR BE PARTY TO ANY GROUP, CLASS OR COLLECTIVE ACTION CLAIM (OTHER THAN REPRESENTATIVE ACTIONS, SEPARATELY ADDRESSED IN PARAGRAPH 12 BELOW) IN ARBITRATION OR ANY OTHER FORUM ARISING OUT OF, RELATED TO, OR IN CONNECTION WITH ANY ASPECT OF YOUR EMPLOYMENT AND SEPARATION.  THE PARTIES AGREE THAT ANY CLAIM BY OR AGAINST YOU OR SPLI, THE SPLI ENTITIES, YOUR TEMPORARY STAFFING EMPLOYER, OR YOUR WORKSITE EMPLOYER WILL BE HEARD ON AN INDIVIDUAL BASIS WITHOUT CONSOLIDATION OF SUCH CLAIM WITH ANY OTHER PERSON'S OR ENTITY'S CLAIM. THIS PROVISION IS NOT APPLICABLE TO THE EXTENT SUCH WAIVER IS PROHIBITED BY THE LAW OF THE STATE IN WHICH YOU WORK.  IF THIS PROVISION DOES NOT APPLY, THE GROUP, CLASS OR COLLECTIVE ACTION CLAIM MUST BE LITIGATED IN A CIVIL COURT OF COMPETENT JURISDICTION."  Paragraph 14 of the agreement further provided that "[t]he parties expressly acknowledge and agree that this [a]greement involves interstate commerce and the interpretation and enforcement of the arbitration provisions herein will be governed by the provisions of the [FAA] . . . to the exclusion of any different or inconsistent state or local law, ordinance or judicial rule."

Plaintiff opposed the motion to compel arbitration on the ground anticipated by defendant.  Specifically, plaintiff conceded the arbitration agreement was governed by the FAA but argued he was exempt from the FAA's provisions because he was a

4

worker engaged in interstate commerce. Plaintiff argued the facts of his case were analogous to a published Federal case (*Rittman v. Amazon, Inc.* (2020) 971 F.3d 904) holding a so-called last-mile delivery driver for Amazon packages was an interstate transportation worker exempt from the FAA. Asserting that analysis under California arbitration law was therefore necessary, plaintiff further contended both the entire arbitration agreement and its class action waiver specifically were unenforceable—the former because recent legislation outlawed agreements to arbitrate Labor Code claims required as a condition of employment (Lab. Code, § 432.6, subds. (a), (h)) and the latter under the four-part test articulated in *Gentry v. Superior Court* (2007) 42 Cal.4th 443 at page 463.

Accompanying plaintiff's opposition to the motion to compel arbitration was his own declaration. He declared he worked as an hourly-paid, non-exempt delivery driver for defendant from approximately October 2020 to January 2021. According to plaintiff, for the duration of his employment his "job duties included vehicle inspection, driving to the Amazon warehouse, loading packages into the vehicle, and then making deliveries. Almost the entirety of [his] time during the duration of [his] employment was spent driving and making deliveries of Amazon packages."[2]

---

[2]     Plaintiff elaborated that he was "required to wear a uniform with the Amazon logo displayed prominently," he would "pick[ ] up the packages from the Amazon delivery station in Hawth[orne]" and "[t]he packages had already been pre-sorted by Amazon, and . . . had a delivery route assigned by Amazon." Plaintiff further explained that his supervisor informed him that

In reply, and as relevant for our purposes, defendant argued Labor Code section 432.6's prohibition on requiring, as a condition of employment, arbitration of Labor Code claims was ineffective because it was preempted by the FAA.

The trial court held a hearing on defendant's motion to compel arbitration and denied it. No court reporter was present, and we have no settled or agreed statement in the appellate record memorializing the proceedings. A minute order issued in connection with the hearing states the "motion is heard and argued." The minute order further states that the court, "having fully considered the arguments of all parties, both written and oral," denies the motion to compel arbitration because "[t]he facts of this case are on all fours with *Betancourt v. Transportation Brokerage Specialist, Inc.* (2021) 62 Cal.App.5th 552, 554-55. *See also Nieto v. Fresno Beverage Co.* (2019) 33 Cal.App.5th 274, 280. (Oddly, neither side cited these most relevant cases.) It would be reversible error to apply the [FAA] to . . . plaintiff's situation. Under California law and absent FAA preemption, the arbitration agreement (including the class action waiver) is not enforceable as to these kinds of claims."

## II. DISCUSSION

The crux of this appeal is the correctness of the trial court's finding (which we infer from the citations to *Betancourt* and *Nieto*) that the FAA does not apply to plaintiff's arbitration agreement because he qualifies as a worker engaged in interstate commerce who is exempt from the FAA by its own terms. (See

---

he was "expected to deliver all 250 packages within [his] ten-hour shift."

6

generally *Southwest Airlines Co. v. Saxon* (2022) 596 U.S. 450, 457 ["airline employees who physically load and unload cargo on and off planes traveling in interstate commerce are, as a practical matter, part of the interstate transportation of goods" and "form 'a class of workers engaged in foreign or interstate commerce'"]; see also *Bissonnette v. LePage Bakeries Park St., LLC* (2024) 601 U.S. 246, 252 [transportation workers need not work for a company in the transportation industry to be exempt under section 1 of the FAA].)  The problem for defendant is that it has not provided an appellate record adequate to assess the correctness of that finding.

"[T]he cardinal rule of appellate review [is] that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown."  (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187, citing *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; see also *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 (plur. opn. of Grodin, J.).)  Without a reporter's transcript or an acceptable substitute, we have no basis to assess the argument—and possibly, evidence—presented at the hearing on the motion to compel arbitration and, accordingly, no adequate basis to determine the trial court erred in finding that plaintiff was an interstate transportation worker exempt from the FAA.  (See, e.g., *Rhule v. WaveFront Technology, Inc.* (2017) 8 Cal.App.5th 1223, 1229, fn. 5 [when written rulings are "quite succinct," as the trial court's minute order is in this case, "a reliable record of what transpired at the hearing[ ] is indispensable" for appellate review].)  We must therefore proceed on the understanding that the trial court properly found the FAA does not apply, and that defeats defendant's principal contention on appeal.

Indeed, all that remains is defendant's brief argument that the arbitration agreement is not "unconscionable" under California law. Charitably construed, the argument appears to maintain we must assess whether the dispute is arbitrable under California law even if the FAA does not apply. Assuming for argument's sake that such an assessment would in fact be required, the contention still fails. The trial court was correct that California law does not permit forced arbitration (i.e., arbitration required as a condition of employment) for the Labor Code claims at issue in this case.[3] Labor Code section 432.6, subdivision (a) provides that "[a] person shall not, as a condition of employment . . . require any applicant for employment or any employee to waive any right, forum, or procedure for a violation of . . . this code."

Defendant's only rejoinder is the contention that a Federal case (*Chamber of Commerce v. Bonta* (9th Cir. 2021) 13 F.4th 766) found Labor Code section 432.6 preempted by the FAA. That, however, doesn't help defendant for the reason we have already given: there is no basis to conclude the trial court erred in finding the FAA inapplicable here.

---

[3] Notably, the arbitration agreement itself also establishes plaintiff's class claims must proceed in court based on the unassailable (on this record) finding that the FAA does not apply. The class action waiver provision (paragraph 11) states that if that provision does not apply, the class claim at issue must be litigated in a civil court of competent jurisdiction.

## DISPOSITION

The order denying defendant's motion to compel arbitration is affirmed. Plaintiff shall recover his costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

HOFFSTADT, P. J.

KIM (D.), J.

9