Filed 9/22/25  Sevilla v. Sandoval CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JOSE SEVILLA,<br><br>    Plaintiff and Appellant<br><br>    v.<br><br>RAMIRO SANDOVAL,<br><br>    Defendant and Respondent. | B343678<br><br>(Los Angeles County Super. Ct. No. 24STRO08185) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura Cohen, Commissioner.  Affirmed.

Jose Sevilla, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

A residential tenant petitioned the trial court to enter a civil harassment restraining order against his landlord. The trial court declined to do so. The tenant appeals. We affirm because the tenant has provided a woefully inadequate record on appeal and because the tenant's declaration, even if considered on its own, does not compel the issuance of the type of restraining order he seeks.

## FACTS AND PROCEDURAL BACKGROUND

### I. The Landlord-Tenant Relationship

Ramiro Sandoval (the landlord) rented a house to Jose Sevilla (Sevilla) and his family. Sevilla lives in the residence with his adult brother and his parents. The lease is not in the record on appeal.

According to Sevilla, the landlord pressured Sevilla's mother to cede use of a garage parking space associated with the rental house and repeatedly entered the yard around the rental house, without advance notice, to water the lawn because he had taken away the watering hose; Sevilla considered these acts to be "a targeted form of harassment" that made him feel "unsafe and disrespected."

### II. Restraining Order Petition

On November 7, 2024, Sevilla filed a request for a civil harassment restraining order against the landlord[1] pursuant to

---

[1]     The next month, Sevilla also filed requests for civil harassment restraining orders against the landlord's wife and against a neighbor. The trial court dismissed those petitions due to lack of service, and we affirmed those dismissals in the separate and concurrently filed opinion, *Sevilla v. Perez et al.* (B344357, consolidated with B344358).

Code of Civil Procedure section 527.6.[2] Sevilla sought protection for himself, his adult brother, and his parents. Sevilla requested that the trial court restrain the landlord from entering the rental property without consent, order the garage parking space returned, and require the landlord to accept electronic rent payments to avoid in-person interaction between the parties.

The landlord opposed the petition and submitted a declaration in support of the opposition. The opposition and accompanying declaration are not included in the record on appeal.

After multiple continuances, the trial court held a hearing on the petition in January 2025. The minute order from that hearing indicates that both Sevilla and the landlord testified. However, neither a reporter's transcript nor a settled statement from that evidentiary hearing is included in the record on appeal.

After considering the petition, the opposition, and both parties' testimony, the trial court denied the petition, finding that Sevilla failed to sustain his burden of proof. The court then granted the landlord's request for attorney fees under section 527.6, subdivision (s) and ordered Sevilla to pay the landlord $2,000 in fees.[3]

---

[2] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[3] Because Sevilla does not present any argument regarding the attorney fees award in his briefing on appeal other than in passing, we do not discuss it. (Cal. Rules of Court, rule 8.204(a)(1)(B) [appellant must "support each point by argument"]; *Utility Consumers' Action Network v. Public Utilities Com.* (2010) 187 Cal.App.4th 688, 697 [failure to do so constitutes waiver].)

**III. Appeal**

Sevilla filed this timely appeal.[4]

**DISCUSSION**

Sevilla argues the trial court erred in denying his request for a civil harassment restraining order.

A civil harassment restraining order will issue only if there is "clear and convincing evidence" of "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct" that "alarms, annoys, or harasses" to such a degree that it would "cause a reasonable person to suffer substantial emotional distress" and which "serves no legitimate purpose." (§ 527.6, subds. (a)(1), (b)(3) & (i); *Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 496.) We review the denial of a restraining order for an abuse of discretion (*Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 420), but review any subsidiary factual findings made by the trial court for substantial evidence (*Harris*, at p. 497; *R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 188), and review de novo any subsidiary issue of whether the facts found meet the definition of civil harassment as a matter of law (*ibid.*). Where, as here, the trial court finds that the party seeking a restraining order has not carried his burden of proof, we reverse only if the

---

4 Although the trial court's minute order denying Sevilla's petition directed the landlord to "prepare the written Order After Hearing" for the court's signature, the landlord never did so. Because that defect is attributable to the landlord (and not Sevilla), we will consider Sevilla's appeal rather than dismiss it. (Compare § 904.1, subd. (a)(6) [denial of injunction, which includes restraining order, appealable] with *In re Marriage of Lechowick* (1998) 65 Cal.App.4th 1406, 1410 ["[a]n unsigned minute order can form the basis of an appeal, unless it specifically recites that a formal order is to be prepared"].)

4

evidence in the record compels a finding in favor of that party. (*Juen v. Alain Pinel Realtors, Inc.* (2019) 32 Cal.App.5th 972, 978-979; *Dreyer's Grand Ice Cream, Inc. v. County of Kern* (2013) 218 Cal.App.4th 828, 838.)

Sevilla has failed to show that the evidence compels a finding that he was entitled to a civil harassment restraining order against the landlord. To begin, Sevilla has waived the evidence-based challenge he seeks to make on appeal by not supplying an adequate appellate record. A trial court's decision is presumed to be correct, so we must "indulge all intendments and presumptions to support the judgment or order on matters as to which the record is silent" and the appellant bears the burden of furnishing an adequate record that demonstrates error. (*Eagle Fire & Water Restoration, Inc. v. City of Dinuba* (2024) 102 Cal.App.5th 448, 470; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) When an appellant renders review impossible by failing to furnish an adequate record, we must affirm. (See *Rhule v. WaveFront Technology, Inc.* (2017) 8 Cal.App.5th 1223, 1228-1229 & fn. 5; *Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483; see also Cal. Rules of Court, rule 8.120(b).) Here, Sevilla has not supplied us with the landlord's opposition or accompanying declaration or *any* record of what happened at the evidentiary hearing beyond the minute order reflecting the trial court's finding that Sevilla did not carry his burden of proof. Because there is no way for us to evaluate the evidence and determine what factual findings (if any) it compels, Sevilla has not demonstrated reversible error on the record before us. And even if we were to ignore the mandate that we evaluate the record before the trial court *as a whole* (*Hansen v. Volkov* (2023) 96 Cal.App.5th 94, 104 [court reviews "'record, viewed as a

5

whole'"]; § 527.6, subds. (g), (i) [trial court makes independent inquiry only after holding a hearing]) and look only at the only part of the record Sevilla *does* provide on appeal (namely, his declaration), that declaration explains that the landlord denied him access to a parking space and entered the rental property to water the lawn, which he claims breaches the lease Sevilla never provided.[5]  That is not enough to constitute civil harassment under the statute.  (Accord, *Hansen*, at p. 106 [opposing counsel entered office without legitimate reason, refused to leave, and recorded petitioner without consent; insufficient evidence of harassment]; *Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762-763 [neighbors bounced basketballs during daylight hours; insufficient evidence of harassment]; cf. *Brekke v. Wills* (2005) 125 Cal.App.4th 1400, 1405-1407, 1413-1414 [petitioner's daughter's boyfriend wrote letters threatening a physical conflict, denigrating petitioner, and advocating "torture-murder" of petitioner; sufficient evidence of harassment].)

Sevilla also argues that the trial court failed to consider the landlord's purported violations of (1) various tenant protections (Civ. Code, §§ 1940-1954.1), (2) the Unruh Civil Rights Act (Civ. Code, § 51), and (3) the Tom Bane Civil Rights Act (Civ. Code, § 52.1).  Whether the landlord violated these other statutes is irrelevant to whether Sevilla is entitled to a civil harassment restraining order.[6]

_____

[5]    Sevilla's allegations in his briefing on appeal that landlord "mock[ed] . . . appellant at his rental unit" are not supported by (or even mentioned in) the record on appeal.

[6]    Sevilla asserts that the trial court's "misconduct was the sole instigator of the retaliatory conduct established," but we fail to see how the trial court's denial of an order instigates the

6

**DISPOSITION**

The order denying Sevilla's request for a restraining order is affirmed. The landlord is entitled to his costs, if any, on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, P.J.
HOFFSTADT

We concur:

_____, J.
BAKER

_____, J.
MOOR

conduct that prompted the application for the order in the first place.