Filed 11/25/25  A.C. v. R.C. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| A.C., | C102333 |
| Plaintiff and Respondent, | (Super. Ct. No. SDR0065037) |
| v. | |
| R.C., | |
| Defendant and Appellant. | |

R.C. and A.C. are going through a divorce, and R.C. represents himself on this appeal challenging a domestic violence restraining order issued against him.  He contends the family court erred in:  (1) failing to provide a court reporter upon request; (2) permitting undisclosed witnesses to testify; (3) disregarding evidence of A.C.'s financial abuse; and (4) failing to provide adequate reasoning to support the restraining order.

We affirm and conclude:  (1) R.C. was not entitled to a court-provided court reporter because his request was untimely and he was not a fee waiver recipient; (2) R.C. forfeited his undisclosed witness challenge because he provides no citation to the record; (3) the settled statement shows the trial court considered and weighed the financial abuse

1

evidence; and (4) R.C. forfeited his inadequate reasoning challenge because he relies on language that does not exist in the authorities he cites.

Because A.C. did not file a respondent's brief, we decide the appeal on the record, the opening brief, and any oral argument by R.C. (Cal. Rules of Court, rule 8.360(c)(5)(B).)

## FACTUAL AND PROCEDURAL BACKGROUND

A.C. petitioned for dissolution of her marriage with R.C. Both parties filed a request for domestic violence restraining order against each other.

One day before the trial on the domestic violence restraining order requests started, R.C.'s counsel requested a court reporter from the family court. The court reporter request did not claim R.C. received a valid fee waiver. The family court held the trial without a court reporter. At trial, R.C. and one other witness testified as to A.C.'s financial abuse.

The family court found R.C. had abused A.C. and R.C. failed to prove A.C.'s abuse, and it issued a restraining order against R.C. R.C. timely appeals.

## DISCUSSION

*A.     Court Reporter*

R.C. contends the family court prejudicially erred in failing to provide him with a court reporter at trial despite his counsel's request. We disagree.

Courts are generally not required to provide a court reporter in family law proceedings upon a party's request unless the party is entitled to a fee waiver. (Cal. Rules of Court, rule 2.956(b)(3), (c)(2), (e)(1); *Jameson v. Desta* (2018) 5 Cal.5th 594, 623 (*Jameson*).) Under rule 10.15.E. of the Placer County Superior Court Local Rules, a party must submit the request for a court reporter no less than three days prior to the

proceeding.[1]  R.C.'s request was untimely because it was made one day before trial started.

R.C.'s reliance on *Jameson* is misplaced.  *Jameson* held that a trial court's general policy of not providing a court reporter in most civil cases must include an exception for fee waiver recipients to ensure them the availability of a verbatim record of the trial court proceedings.  (*Jameson, supra*, 5 Cal.5th at p. 623.)  R.C. does not challenge the family court's general policy on court reporters; nor did he claim to be a fee waiver recipient in his court reporter request.  Thus, he was not entitled to a court reporter under *Jameson*.

We note that R.C. provides the following quote allegedly from *Jameson*: " 'Meaningful appellate review hinges on the ability to examine what occurred at trial. Without a reporter's transcript or equivalent, the reviewing court is left to speculate.' " This quote does not exist in *Jameson*.  He also claims: "California courts, therefore, treat DVRO hearings as proceedings of 'profound consequence,' where preserving a verbatim record is not a luxury but 'essential to meaningful appellate review,' " allegedly citing *Jameson*.  But *Jameson* involved a professional negligence claim against a doctor; it made no mention of a domestic violence restraining order hearing, let alone treating it as a proceeding with "profound consequence."  (*Jameson, supra*, 5 Cal.5th at pp. 599-600.) And the phrase "essential to meaningful appellate review" never appears in *Jameson*.

R.C. also cites *Rhule v. WaveFront Technology, Inc.* (2017) 8 Cal.App.5th 1223, claiming it held that "*Jameson* teaches [] a judgment entered on an unrecorded proceeding 'must be reversed where the appellant requested, but was denied, the means to create a record.' "  But *Rhule* was published one year before *Jameson*.

We deem all arguments relying upon these miscited authorities forfeited.  (See *L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 621 [by failing to support his arguments with

_____

[1] On our own motion, we take judicial notice of rule 10.15.  (Evid. Code, §§ 452, subd. (e), 459, subd. (a).)

the appropriate legal authority and reasoned arguments, the self-represented appellant forfeited his restraining order challenges].)

Finally, we reject R.C.'s reliance on *Griffin v. Illinois* (1956) 351 U.S. 12 because *Griffin* involved a state's denial of free transcripts to indigent defendants in criminal cases (*Griffin*, at p. 14), while this is an appeal from a domestic violence restraining order and R.C. did not claim to be a fee waiver recipient below.

B.      *Evidence*

R.C. contends the family court prejudicially erred in permitting A.C. to call undisclosed witnesses and failing to consider evidence of A.C.'s financial abuse. We disagree for two reasons.

First, R.C. provides no record citation supporting his claim that the family court allowed witnesses not identified in the witness list to testify. So we deem this argument forfeited. (*L.O. v. Kilrain, supra*, 96 Cal.App.5th at p. 621.)

Second, the settled statement demonstrates the trial court considered and weighed evidence of A.C.'s financial abuse. The settled statement notes R.C. and one other witness testified to financial abuse by A.C. With this information, the trial court found R.C. had abused A.C. and R.C. failed to prove A.C.'s abuse.

C.      *Reasoning*

R.C. contends the restraining order must be reversed because the family court failed to provide adequate reasoning. We deem his issue forfeited because R.C. fails to cite to appropriate legal authority. (*L.O. v. Kilrain, supra*, 96 Cal.App.5th at p. 621.)

To support his claim, R.C. writes: "In *Rodriguez v. Menjivar* (2015) 243 Cal.App.4th 816, 823, the Court of Appeal vacated a DVRO because 'the trial court failed to address conflicting evidence or make findings explaining its ruling.' In *In re Marriage of Brewer & Federici* (2001) 93 Cal.App.4th 1334, 1344-1345, the court held that issuing a restraining order without findings on disputed incidents was reversible error, emphasizing that 'the restrained party must know what conduct has been

4

adjudicated.' " But the language quoted by R.C. does not exist in either case, and *In re Marriage of Brewer v. Federici* was an appeal from a judgment of dissolution based upon a marital settlement agreement that did not involve a restraining order. (*In re Marriage of Brewer v. Federici, supra*, 93 Cal.App.4th at p. 1336.)

R.C. also alleges: "California precedent is unequivocal that such an order is structurally defective. [*In re Marriage of Flaherty*] (1982) 31 Cal.3d 637, 639 ('clerk's minutes are not a substitute for findings on material issues'); [*In re Marriage of Fink*] (1979) 25 Cal.3d 877, 882-883 (failure to issue findings deprives the losing party of due process)." Again, *Flaherty* does not contain the quoted language, and *Fink* made no mention of due process.

R.C. further claims the Legislature directed "restraining orders be 'narrowly tailored.' (*See* Sen. Rules Comm., 3d reading analysis of Assem. Bill 99 (2001-2002) Reg. Sess. p. 3)." In reality, Assembly Bill No. 99 amended section 52262 of the Education Code to "authorize a high school established after October 6, 2000, that would have been eligible for an annual technology support and staff training grant, to receive that grant and would require a high school to provide a technology plan to the Superintendent of Public Instruction before receiving a grant." (Stats. 2001, ch. 546.) None of its bill analysis addressed restraining orders.

## DISPOSITION

The restraining order is affirmed.  No costs are awarded because A.C. did not file a respondent's brief.  (Cal. Rules of Court, rule 8.278(a)(5).)

/s/
MESIWALA, J.

We concur:

/s/
RENNER, Acting P. J.

/s/
FEINBERG, J.